IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS GABRIEL SANTIAGO-MORALES, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Eurobank (Eurobancshares, Inc.),<br><br>    Defendants | CIVIL NO. 10-1702 (JAF/JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 25**) for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim filed by Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Eurobank (Eurobancshares, Inc.) ("Eurobank"), Plaintiffs' opposition thereto (No. 29), and Defendant's reply (No. 35). Plaintiffs brought claims pursuant to: (1) Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; (2) Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; (3) Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29, §§ 1321 *et seq.*; and (4) Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, §§ 5141, 5142. For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

CIVIL NO. 10-1702 (JAF/JP)     -2-

**I.**

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff Carlos Santiago Morales ("Santiago"), an attorney and a certified public accountant, was allegedly recruited on January 11, 2005 by Eurobank. He was appointed Senior Vice President for Eurobank's Trust Division. Thereafter, Plaintiff alleges that he was subjected to discrimination on the basis of his age, gender, and social origin. He was dismissed from his employment with Eurobank on June 15, 2006. This was two days prior to Plaintiff's forty fourth birthday. Plaintiff was allegedly replaced by Lisa Liston ("Liston") who was thirty years old. She also allegedly lacked the qualifications of Plaintiff. Plaintiff states that Liston was appointed to the position because of her gender and age.

On December 29, 2008, Plaintiffs brought the instant action in the Puerto Rico Court of First Instance Superior Part of San Juan (No. 16-1, p. 1-10) against Eurobank. On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Eurobank and caused the FDIC to be appointed as receiver. On July 14, 2010, the FDIC sent Plaintiffs a letter informing them of the right to submit an administrative claim to the FDIC on or before August 4, 2010.

On July 22, 2010, this case was removed to the United States District Court for the District of Puerto Rico (No. 1). Plaintiffs

CIVIL NO. 10-1702 (JAF/JP)       -3-

filed a proof of claim with the FDIC. On September 20, 2010, the FDIC mailed to Plaintiffs, by certified mail return receipt requested, the disallowance notice denying the claim. The instant motion was then filed on December 28, 2010.

**II.**

**LEGAL STANDARD FOR RULE 12(b)(1) MOTION**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions.  Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002).  A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also, Torres Maysonet, 229 F. Supp. 2d at 107.

CIVIL NO. 10-1702 (JAF/JP)        -4-

### III.

### **ANALYSIS**

Defendant FDIC argues that the motion to dismiss should be granted because Plaintiffs failed to comply with the mandatory procedural requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). In the alternative, Defendant argues that the case should be dismissed because Plaintiffs have sued the FDIC under punitive theories which are barred by federal statute. Plaintiffs oppose the arguments. The Court will focus its analysis on Defendant's FIRREA argument as it is the dispositive issue in the case.

A.   **FIRREA**

When serving as receiver, the FDIC has authority under FIRREA to determine claims in accordance with the procedures established in 12 U.S.C. § 1821(d)(3)-(6). The FDIC is provided with 180 days to either allow or disallow claims which are timely filed with the FDIC. 12 U.S.C. § 1821(d)(5)(A)(i). The FDIC should allow claims which are proven to its satisfaction. Id. § 1821(d)(5)(B).

When the FDIC disallows a claim, the claimant may proceed to file suit for such a claim or continue an action which was commenced prior to the appointment of the receiver in specific courts and in accordance with limitations periods provided for in 12 U.S.C. § 1821(d)(6). Specifically, said statute provides:

CIVIL NO. 10-1702 (JAF/JP)    -5-

>    (A) In general
>
>    **Before the end of the 60-day period** beginning on the earlier of (i) the end of the [180 day termination] period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I), the claimant may . . . file suit on such claim (or **continue an action commenced before the appointment of the receiver**) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
>
>    (B) Statute of limitations
>
>    If any claimant fails to . . . file suit on such claim (**or continue an action commenced before the appointment of the receiver**), before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

Id. § 1821(d)(6)(A)-(B) (emphasis added).

Thus, within 60 days of receiving the notice of disallowance, claimant has to either file a new action in the appropriate federal court or continue an action that started prior to the appointment of the FDIC as receiver. "To continue an action requires some affirmative act by the claimant." Laureano-Vega v. F.D.I.C., 2011 WL 3475313, at *2 (D.P.R. Aug. 8, 2011) (Fuste, J.); see also, Lakeshore Realty Nominee Trust v. FDIC, 1994 WL 262913, at *1-2 (D.N.H. May 25,

CIVIL NO. 10-1702 (JAF/JP)    -6-

1994) (dismissing case where Plaintiff did nothing to reactivate his claim within the 60 day period); First Union National Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-68 (S.D. Fla. 1993). Failure to comply with these requirements deprives the court of jurisdiction. See 12 U.S.C. § 1821(d)(13)(D).

The Court agrees with Defendant FDIC. Plaintiffs filed their proof of claim with the FDIC. The FDIC disallowed Plaintiffs' claim on September 20, 2010.[1] Based on said disallowance, Plaintiffs had 60 days to either start a new action in the appropriate federal court or "continue" with the instant suit that they filed prior to the FDIC being appointed as receiver for Eurobank. 12 U.S.C. § 1821(d)(6). The 60 day period expired on November 19, 2010. Here, there is no indication that a new action was filed by Plaintiffs in federal court. Moreover, Plaintiffs took no action in this case until January 5, 2011 (No. 26). That is, Plaintiffs took no action until after the 60 day period expired on November 19, 2010. As such, the Court finds that Plaintiffs' action against the FDIC fails since they did not comply with the 60 day statute of limitations.

---

[1] The disallowance that was mailed to Plaintiffs actually warned them of the consequences of not filing a new suit and not continuing their current suit within 60 days.

CIVIL NO. 10-1702 (JAF/JP)      -7-

### IV.

### CONCLUSION

Thus, the Court grants Defendant FDIC's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, the Court will enter a separate Final Judgment dismissing the claims against FDIC with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of August, 2011.

                                S/JOSE ANTONIO FUSTE
                                    JOSÉ ANTONIO FUSTÉ
                                UNITED STATES DISTRICT JUDGE